1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
OMAX CORPORATION,                         )
                                          )   No. C04-2334L
                  Plaintiff,              )
          v.                              )
                                          )   ORDER DENYING DEFENDANT'S
FLOW INTERNATIONAL CORPORATION,           )   MOTION FOR RECONSIDERATION
                                          )
                  Defendant.              )
_____)

On July 18, 2005, the Court denied defendant's motion for partial summary judgment of non-infringement. Dkt. # 52. Defendant has filed a timely "Motion for Reconsideration" (Dkt. # 55) in which it argues that the Court's decision incorrectly applies Federal Circuit law and constitutes manifest error as to certain factual findings.

Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence." Local Civil Rule 7(h)(1). Defendant has not met this burden. Contrary to defendant's supposition, the Court's claim interpretation analysis was based in part on SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc., 242 F.3d 1337 (Fed. Cir. 2001), and its progeny (see Dkt. # 52 at 3 and 5), not on the now discredited Texas Digital Sys., Inc. v. Telegenix, Inc., 308 F.3d 1193 (Fed. Cir. 2002). The Federal Circuit's decision in Phillips v. AWH Corp., 415 F.3d

ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION

1303 (Fed. Cir. 2005), does not, therefore, alter the analysis in this case and defendant has not identified any other "new" facts or legal authority in support of its motion for reconsideration.

Defendant's other two arguments -- that the identification of additional advantages to the invention does not diminish the effect of an express disavowal and that the Court misinterpreted the nature of the intermediate components discussed in the specification -- were raised in the underlying memoranda and considered by the Court. The Court did not rely on a "heart of the invention" analysis: rather, the Court considered the intrinsic evidence as a whole, including those sections that are inconsistent with defendant's proposed interpretation, before determining whether a disavowal had occurred. The Court left undecided the proper categorization of position command differentiators, position command interpreters, and force command interpreters, noting that other references to the use of controllers with the invention precluded a finding of a clear and unambiguous disavowal. Dkt. # 52 at 7 n.5.

For all of the foregoing reasons, defendant's motion for reconsideration is DENIED.

DATED this 25th day of August, 2005.

                          Robert S. Lasnik
                          United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION                    -2-