UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMAX CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>FLOW INTERNATIONAL CORPORATION, a Washington corporation,<br><br>Defendant.<br><br>FLOW INTERNATIONAL CORPORATION, a Washington corporation,<br><br>Counterclaimant,<br><br>v.<br><br>OMAX CORPORATION, a Washington corporation,<br><br>Counterclaim Defendant. | Case No. C04-2334L<br><br>ORDER ON AGREED MOTION FOR MODIFICATION OF MARKMAN CLAIM CONSTRUCTION PROCEDURES |

This matter is before the Court on the parties' "Agreed Motion for Modification of Markman Claim Construction Procedures" (Dkt. # 75). The Court has reviewed the motion and notes that the parties are in agreement on most, but not all, aspects of the proposed claim construction procedures. The

ORDER ON AGREED MOTION
FOR MODIFICATION OF
MARKMAN CLAIM
CONSTRUCTION PROCEDURES                                           1

following Order accepts the parties' agreed procedures for claim construction and resolves the parties' remaining disputes. IT IS HEREBY ORDERED that the following timeline shall be followed by the parties in connection with claim construction in the above-entitled action (days are in calendar days):

Day 1. Parties exchange, in writing, contentions concerning construction of claims of opposing parties' patents.

Day 15. Parties exchange, in writing, contentions concerning construction of claims of own patents with respect to terms/aspects addressed by opponent's contentions in Step 1.

As to these first two steps.

- The parties would endeavor to cite at least some intrinsic evidence which parties contend support such contentions, without precluding later citation of other such evidence. There would be no need to cite extrinsic evidence here.

- These writings would be considered to be in the nature of informal settlement negotiations and thus inadmissible in the litigation.

Days 17-45. Parties promptly meet and confer to discuss which matters are in dispute or not and then prepare the Joint Claim Chart called for in Scheduling Order. This would be finalized and filed by Day 50. This would cite evidence, both intrinsic and extrinsic, as called for in the Scheduling Order - but not including expert report evidence.

Day 65. Expert reports re Markman issues exchanged.

Day 80  Rebuttal expert reports.

Days 82-90 Opportunity to depose experts re above reports

Day 101   Claim construction briefs due.

Day 115.   Responsive claim construction briefs due.

Markman Hearing:

ORDER ON AGREED MOTION
FOR MODIFICATION OF                    2
MARKMAN CLAIM
CONSTRUCTION PROCEDURES

The Court perceives three options for the claim construction process due to the existence of additional claims arising from the pending patent, Application No. 10/793,333.  OMAX argues that because the claims relevant to the new patent will require further discovery and pleadings, the claim construction process should be stayed until the patent is issued.  Flow argues that because the contents of the pending patent are largely known, and OMAX has been on notice of its content and of Flow's intent to add the patent in a supplemental complaint since August 31, 2005, that the process can begin as planned and include the new claims pursuant to the soon-to-be-issued patent.  Finally, the third option is that the claim construction process go forward as planned, excluding the claims with regard to the '333 patent.

The Court chooses the third option as the best compromise for going forward at this point.  If the patent is issued soon as anticipated by Flow, and there is sufficient time to include it in the Markman hearing, then the Court will allow the parties to do so.  Otherwise, those claims will be adduced in a separate claim construction process.

For the foregoing reasons, IT IS HEREBY ORDERED that, for the purposes of this Order, "Day 1" shall be November 25, 2005.  The allowed claims from Flow's continuation patent Application No. 10/793,333 shall not be included within the scope of the claim construction process outlined above.

Dated this 21st day of November, 2005.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER ON AGREED MOTION
FOR MODIFICATION OF
MARKMAN CLAIM
CONSTRUCTION PROCEDURES

3