UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMAX CORPORATION, a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FLOW INTERNATIONAL CORPORATION, a Washington corporation,<br><br>　　　　　Defendant.<br><br>FLOW INTERNATIONAL CORPORATION, a Washington corporation,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>OMAX CORPORATION, a Washington corporation,<br><br>　　　　　Counterclaim Defendant. | Case No. C04-2334L<br><br>ORDER ON MARKMAN HEARING RELATED ISSUES |

　　This matter comes before the Court on plaintiff Omax's motion to stay (Dkt. # 165) and the parties' informal request for further guidance on the upcoming Markman hearing.

**A.　　Motion to Stay**

　　Omax's motion to stay (Dkt. # 165) is DENIED. The Court will consider the parties'

ORDER ON MARKMAN HEARING
RELATED ISSUES                                  1

arguments regarding definiteness under 35 U.S.C. § 112 ¶ 2 at the same time that it considers the parties' claim construction arguments. <u>Energizer Holdings, Inc. v. Int'l Trade Comm'n</u>, 435 F.3d 1366, 1368 (Fed. Cir. 2006). The motion will be re-noted for Friday, June 30, 2006. Omax's opposition to the motion will now be due Monday, June 26, 2006 and its preliminary opposition will be disregarded. Flow's reply will be due on Friday, June 30, 2006.

**B.  <u>Markman</u> Procedures**

The Court provides for a <u>Markman</u> hearing in order to allow the parties to present arguments regarding how the claims would be interpreted by someone of ordinary skill in the art. <u>Innova/Pure Water, Inc. v. Safari Water Filtration Sys.</u>, 381 F.3d 1111 (Fed. Cir. 2004). To this end, it is most helpful for each party to provide testimony from its expert in the field. However, the Court sets no formal requirements on the content of each party's <u>Markman</u> hearing presentation. Instead, each party will be allowed two hours of testimony time to present their case, in addition to opening and closing statements. "Testimony time" consists of a party's direct examination of its own witness(es) and cross examination of opposing party's witness(es).

DATED this 20th day of June, 2006.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER ON MARKMAN HEARING
RELATED ISSUES                    2