UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMAX CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>FLOW INTERNATIONAL CORPORATION, a Washington corporation,<br><br>    Defendant.<br><br>FLOW INTERNATIONAL CORPORATION, a Washington corporation,<br><br>    Counterclaimant,<br><br>    v.<br><br>OMAX CORPORATION, a Washington corporation,<br><br>    Counterclaim Defendant. | Case No. C04-2334L<br><br>ORDER ON MOTION FOR SANCTIONS |

This matter comes before the Court on "Defendant Flow International Corporation's Motion for Sanctions" (Dkt. # 150). In this motion, Flow argues that plaintiff Omax Corporation's motion for invalidity based on misrepresentations (Dkt. # 96) is so without merit as to be sanctionable. Omax argues that its motion was not baseless, but rather flowed from a

ORDER ON MOTION FOR
SANCTIONS                                                                 1

novel question of law.

Rule 11 requires that attorneys certify that, among other things, a motion "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation [and] the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(1)–(2). Pleadings that do not satisfy these requirements are sanctionable. Fed. R. Civ. P. 11(c). A statute provides for costs to be levied against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. In the Ninth Circuit, a signer of paper violates Rule 11 if it is "*both* baseless *and* made without a reasonable and competent inquiry." Moore v. Keegan Mgmt. Co., 78 F.3d 431, 434 (9th Cir. 1996) (quoting Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990)) (emphasis added in Moore).

Although the Court has denied the motion which is the subject of this sanctions motion, and granted summary judgment for the non-moving party, the invalidity motion was not so baseless as to warrant sanctions. The Federal Circuit has provided for invalidation of patents for non-substantive falsehoods. Gen. Electro Music Corp. v. Samick Music Corp., 19 F.3d 1405, 1411 (Fed. Cir. 1994) ("We conclude as a matter of law that a false statement in a petition to make special is material if, as in the case here, it succeeds in prompting expedited consideration of the application."). Omax's motion sought to expand this principle to what Flow argued was a harmless clerical error. The Court agreed that Omax's argument stretched the principle too far, but cannot conclude that it was made "without a reasonable and competent inquiry."

For these reasons, Flow's motion for sanctions (Dkt. # 150) is DENIED.

DATED this 7th day of November, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER ON MOTION FOR
SANCTIONS                                                        2