UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMAX CORPORATION, a Washington corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>FLOW INTERNATIONAL CORPORATION, a Washington corporation,<br><br>        Defendant.<br><br>FLOW INTERNATIONAL CORPORATION, a Washington corporation,<br><br>        Counterclaimant,<br><br>   v.<br><br>OMAX CORPORATION, a Washington corporation,<br><br>        Counterclaim Defendant. | Case No. C04-2334L<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON INVALIDITY |

## I. Introduction

This matter comes before the Court on "Flow's Motion and Memorandum for Partial Summary Judgment of Invalidity of Claims 9-13, 22 and 23-27 of the '596 Patent and Claim 1 of

ORDER DENYING DEFENDANT'S
MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
INVALIDITY

1

the '345 Patent Under 35 U.S.C. § 112, ¶ 2." (Dkt. # 160).[1]  Flow seeks partial summary judgment on the grounds that claims 9-13 and 23-27 of U.S. Patent No. 5,508,596 ("the '596 patent") and claim 1 of U.S. Patent No. 5,892,345 ("the '345 patent") are invalid because they do not set forth "the subject matter which the applicant regards as his invention" as required under 35 U.S.C. § 112, ¶ 2.  Flow also argues that claims 9-13, 22, and 23-27 of the '596 patent and claim 1 of the '345 patent are invalid because they are indefinite under 35 U.S.C. § 112, ¶ 2.[2]

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The evidence is viewed in the light most favorable to the non-moving party.  Id.

### B. Invalidity

The second paragraph of 35 U.S.C. § 112 requires that: "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter

---

[1] This matter can be decided on the memoranda, declarations, and exhibits submitted by the parties. Omax's request for oral argument is therefore DENIED.

[2] The '345 patent is a continuation of the '596 patent, and the single claim of the '345 patent is a combination of elements from claims one and nine of the '596 patent.  The descriptions of the invention that precede the claims are identical except that an additional introductory paragraph in the '345 specification changes the line numbering.  Citations to columns and lines in this Order will be taken from the '596 patent.

ORDER DENYING DEFENDANT'S
MOTION FOR PARTIAL                                       2
SUMMARY JUDGMENT ON
INVALIDITY

which the applicant regards as his invention." The Federal Circuit has held that this portion of 35 U.S.C. § 112 contains two requirements: (1) the claim must set forth what the applicant regards as his invention; and (2) the claim must do so "with sufficient particularity and distinctness, i.e., the claim must be sufficiently 'definite.'" Allen Eng'g v. Bartell Indus., Inc., 299 F.3d 1336, 1348 (Fed. Cir. 2002) (quoting Solomon v. Kimberly-Clark Corp., 216 F.3d 1372, 1377 (Fed. Cir. 2000)). Because claims of a patent are afforded a presumption of validity, "overcoming the presumption of validity requires that any facts supporting a holding of invalidity must be proved by clear and convincing evidence." Budde v. Harley-Davidson, Inc., 250 F.3d 1369, 1376 (Fed. Cir. 2001). Flow argues that claims 9-13, 22 and 23-27 of the '596 patent and claim 1 of the '345 patent are invalid because they fail to meet both requirements of 35 U.S.C. § 112, ¶2. The determination whether a claim meets both requirements of 35 U.S.C. § 112, ¶2 "is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims." Solomon, 216 F.3d at 1377 (quoting Personalized Media Commc's, LLC v. ITC, 161 F.3d 696, 705 (Fed. Cir. 1998)).

### 1. Failure to Disclose the Subject Matter that the Inventor Regards as His Invention

Flow argues that claims 9-13 and 23-27 of the '596 patent and claim 1 of the '345 patent are invalid because they fail to disclose the subject matter that the inventor regarded as his invention. In doing so, Flow focuses on two alleged inconsistencies between the claims and specifications of the '596 and '345 patents. First, Flow contends that the "combining" claim element contained in claims 9-13 and 23-27 is inconsistent with the specification, because the adjustment of acceleration in the specification is neither related to the "associated value" nor a result of a combination of the "associated value" and the additional parameter. Flow also argues that these claims are inconsistent with language contained in the specification that describes a system where the associated value represents only the desired minimum surface finish quality

over the respective line or arc segment.

In making its argument that the claims in question fail to disclose the subject matter of the invention, Flow relies heavily on <u>Allen Engineering</u>. In <u>Allen Engineering</u>, the Federal Circuit found that the disputed claims were invalid as a matter of law because of an internal contradiction between the specification and the claims that demonstrated that the patent failed to claim the subject matter that the applicant regarded as his invention. 299 F.3d at 1349. The claim at issue limited a steering box to pivoting its gear box only in a plane perpendicular to the biaxial plane. <u>Id.</u> The specification, however, expressly excluded the gear box from pivoting in a plane perpendicular to the biaxial plane. <u>Id.</u> The patent owner argued that one skilled in the art would understand that the term perpendicular in the claim should be read to mean parallel. <u>Id.</u> The court concluded that such an interpretation "stretches the law too far," and that it was apparent "from a simple comparison of the claims with the specification" that the inventor did not regard a gear box that pivoted only in a plane perpendicular to the biaxial plane to be his invention. <u>Id.</u>

The Court concludes that Flow has failed to establish that similar contradictions exist between the claims and specifications of either the '596 or '345 patent. Flow supports its argument regarding the first alleged inconsistency by asserting that the only velocity corresponding to the quality of result in the '596 specification is the maximum velocity calculated by Equation (1), and that no other velocities or accelerations are calculated in order to achieve a cut with the quality of result indicated in the associated value. If the Court had adopted Flow's claim construction relating to "quality of result" or "an associated value representing a desired quality of result" this may have been true. But as the Court's claim construction opinion explains, "quality of result refers to any number of features or characteristics of a cut, including but not limited to surface finish, uniformity of cut surface,

ORDER DENYING DEFENDANT'S
MOTION FOR PARTIAL                      4
SUMMARY JUDGMENT ON
INVALIDITY

precision and dimensional accuracy." Claim Construction Opinion at p. 6. The velocity and acceleration limitations identified by Flow as being unrelated to "quality of cut" are in fact very much related to important quality features such as surface finish, uniformity of cut surface, precision and dimensional accuracy, as they allow velocity to be adjusted to achieve dimensional accuracy at curves and corners and to avoid undesirable marks and troughs. Thus, while Flow is correct that all these limitations reduce velocity below the velocity calculated by Equation (1), it is incorrect to assert that this reduction in velocity is unrelated to or inconsistent with the "quality of result" as represented by the associated value or with claims 9-13 and 23-27 generally.

Flow encounters similar difficulties when it attempts to argue that claims 9-13 and 23-27 are inconsistent with the specification language relating to minimum quality of result, maximum taper allowances, and maximum acceleration. Flow itself agrees that the claims require that velocity (or acceleration) be adjusted to achieve the desired quality of result. See Motion at pp. 6-7. As explained above and in the Court's Claim Construction Opinion, "quality of result" as used in claims 9-13 and 23-27 refers not just to surface finish, but also to dimensional accuracy at curves and corners and the avoidance of undesirable marks and troughs. To achieve such quality goals, the specification describes how maximum velocity and acceleration limits are established to ensure that a minimum desired quality level is met or exceeded. See, e.g., Col. 4, ll.55-60; Col. 12, ll. 29-63; Col 15, l. 38 - Col. 16, l. 34. Thus in this regard, the specification and claims are not inconsistent.

Nor is the claim language contradicted because the specification requires that the result not fall below a "minimum quality level." The Court does not agree with Flow that a result that exceeds the desired quality result is inconsistent with claim language which calls for an adjustment of velocity or acceleration to "achieve the desired quality of result." It is possible to

ORDER DENYING DEFENDANT'S
MOTION FOR PARTIAL                                  5
SUMMARY JUDGMENT ON
INVALIDITY

achieve more than a desired goal and still claim to have achieved the original goal. For the reasons described above, Flow has failed to establish any inconsistency between the claims and specifications of either the '596 or '345 patents that would render them invalid under the first prong of Allen Engineering.

### 2. Indefinite "Quality Claims"

Flow also alleges that the meaning and scope of the phrase "quality of result" and the term "quality" as used in claims 9-13 and 23-27 of the '596 patent and claim 1 of the '345 patent are "indefinite" and fail to meet the second requirement imposed by 35 U.S.C. § 112, ¶2. In determining if a claim is sufficiently definite, the Court must analyze "whether one skilled in the art would understand the bounds of the claim when read in light of the specification." Solomon, 216 F.3d at 1378. Further, "because a claim is presumed valid, a claim is indefinite only if the 'claim is insolubly ambiguous, and no narrowing construction can properly be adopted.'" Honeywell Int'l, Inc. v. Int'l Trade Comm'n, 341 F.3d 1332, 1338-39 (Fed. Cir. 2003) (quoting Exxon Research & Eng'g Co. v. United States, 265 F.3d 1371, 1375 (Fed. Cir. 2001)).

As it did at length in both its Claim Construction Brief and its Responsive Claim Construction Brief, Flow argues that the '596 specification requires that the claim term "quality" be construed to refer only to surface finish. Flow maintains that a failure to do so would render the term too ambiguous to meet the definiteness requirement under 35 U.S.C. § 112, ¶2. As explained in the Claim Construction Order, the Court rejects this contention. Claim Construction Order at pp. 4-6. Instead, the Court finds that the claim terms "quality" and "quality of result" refer to a variety of characteristics, including, but not limited to, surface finish, uniformity of cut surface, precision and dimensional accuracy, and that these characteristics of quality would be recognizable by experts of ordinary skill in the art. If the claims, when read in the light of the specification, "reasonably apprise those skilled in the art of

the scope of the invention, § 112 demands no more." Solomon, 216 F.3d at 1378 (quoting Personalized Media Commc's, LLC v. ITC, 161 F.3d 696, 705 (Fed. Cir. 1998)).  Because the claims succeed at apprising those of ordinary skill in the art of the scope of Omax's invention, Flow has failed to establish that the claims in question are indefinite under 35 U.S.C. § 112, ¶2 .

### 3. "Indefinite" Means-Plus-Function Claims

Flow also argues that means-plus-function claims 22 and 23-27 of the '596 patent are indefinite.  As noted in the Claim Construction Opinion, however, the Court concludes that the parties' claim construction briefing for the means-plus-function claims is inadequate.  Claim Construction Opinion at pp. 11-12.  Given that "an analysis of claim indefiniteness under § 112 ¶ 2 is 'inextricably intertwined with claim construction,'" Energizer Holdings, Inc. v. International Trade Commission, 435 F.3d 1366, 1368 (Fed. Cir. 2006), the Court will refrain from deciding the question of invalidity on the means-plus-function claims until after claim construction briefing has been submitted.

## III. Conclusion

For the foregoing reasons, Flow's motion for partial summary judgment on invalidty (Dkt. #160) is DENIED.

DATED this 7th day of November, 2006.

*Robert S. Lasnik (signature)*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR PARTIAL                      7
SUMMARY JUDGMENT ON
INVALIDITY