UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMAX CORPORATION, a Washington corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>FLOW INTERNATIONAL CORPORATION, a Washington corporation,<br><br>        Defendant.<br><br>FLOW INTERNATIONAL CORPORATION, a Washington corporation,<br><br>        Counterclaimant,<br><br>        v.<br><br>OMAX CORPORATION, a Washington corporation,<br><br>        Counterclaim Defendant. | Case No. C04-2334L<br><br>ORDER REGARDING MOTIONS TO SEAL |

      This matter comes before the Court *sua sponte*. At the June 29, 2006 Markman Hearing, the Court made it clear to both parties that the wholesale sealing of every document filed in this case would not be tolerated. See Transcript of Markman Hearing at 14-15 (Dkt. #212). While the Court acknowledged that the presence of certain confidential information or trade secrets

ORDER REGARDING
MOTIONS TO SEAL                                  1

may require parties to file a redacted version of a particular document in some instances, it also stated clearly that the baseline presumption for all filings is that they be accessible to the public. Therefore, before allowing a document to be filed under seal, the Court must be presented with specific facts that would enable it to determine whether the presence of confidential information or trade secrets in a document requires that it not be made publicly available.

In this spirit, both parties made efforts earlier in the year to review the current record to determine which sealed documents actually contained confidential information involving proprietary data, trade secrets and/or other valuable commercial information.  The result was an agreed motion to unseal all the sealed documents filed up until January 9, 2007, with the exception of a list of specific documents that should remain under seal.  This effort is appreciated by the Court and that motion has been granted in a separate order.

Since the time those agreed upon designations were made, the problem of excessive requests to seal has again arisen.  The Court appreciates that Flow has made efforts to minimize its requests to seal, and that when it has made such requests, that it has often accompanied them with declarations explaining in detail its reasons to seal.  See Dkt. #288, #324, Dkt. #371. Omax, on the other hand, has reverted to its prior practice of filing nearly every document with an accompanying motion to seal.  See Dkts. #271, #297, #304, #308, #321, #323, #383, #385, #387, #389, #395, #398, #427, #429.   While such requests may be valid, Omax has made little effort in its accompanying declarations to justify particular confidentiality designations. Similarly, Flow has filed a number of motions to seal that are based solely on the presence of information designated by Omax and its witnesses as "Confidential" or "Attorney's Eyes Only." See Dkt. #306, Dkt. #311, Dkt. #414, Dkt. #416, Dkt. #424.  Without more information, the Court cannot justify overriding the presumption of public access to court filings.

The Court therefore orders that the parties meet and confer to discuss which documents filed since January 9, 2007 should remain under seal and which can be unsealed or replaced by

ORDER REGARDING
MOTIONS TO SEAL                                   2

1  appropriately redacted versions that could be made available to the public.  If the Court does not
2  receive designations from parties, together with an explanation of why such documents should
3  be filed under seal, by October 31, 2007, the Court will order that those documents be unsealed.

      DATED this 26th day of September, 2007.

                                                   /s/ Robert S. Lasnik
                                                   Robert S. Lasnik
                                                   United States District Judge