| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                                    )
OMAX CORPORATION,                              )
                                                                    )   No. C04-2334RSL
                         Plaintiff,                        )
         v.                                                     )
                                                                    )   ORDER GRANTING IN PART THE
FLOW INTERNATIONAL CORPORATION, )   UNCONTESTED MOTION TO
                                                                    )   UNSEAL AND ORDER TO SHOW
                         Defendant.                    )   CAUSE
_____)

This matter comes before the Court on "Flow International Corporation's Motion to Unseal Documents" filed before January 9, 2007. Dkt. # 228. In response to comments made by the Court at the <u>Markman</u> hearing held on June 29, 2006, Flow reevaluated the documents it had previously filed under seal and requested that the Court unseal all but a handful of docket entries. Plaintiff Omax Corporation generally agrees with Flow's request, but asks that another handful of documents be kept under seal. The parties assert that the documents that should remain sealed reflect their long-term strategic plans, proprietary software, control methodology and cutting models, and/or customer and competitor research, the disclosure of which would put them at a competitive disadvantage.

Having reviewed the documents at issue and the memoranda and declarations submitted by the parties, the Court finds as follows:

ORDER GRANTING IN PART THE
UNCONTESTED MOTION TO UNSEAL
AND ORDER TO SHOW CAUSE

(1) By agreement of the parties, the following docket entries will be unsealed:

| Dkt. | # 18 | # 58 | # 104 | # 162 |
|---|---|---|---|---|
| | # 28 | # 63 | # 105 | # 163 |
| | # 30 | # 65 | # 117 | # 167 |
| | # 31[1] | # 66 | # 118 | # 175 |
| | # 34 | # 70 | # 141 | # 176 |
| | # 36 | # 71 | # 152 | # 179 |
| | # 37 | # 72 | # 153 | # 184 |
| | # 39 | # 92 | # 154 | # 187 |
| | # 40 | # 93 | # 157 | # 200 |
| | # 43 | # 94[2] | # 158 | # 201 |
| | # 55 | # 98 | # 160 | # 203 |

(2) Although the parties have requested that Dkt. # 185 remain sealed because Exhibit 2 to the Supplemental Declaration of Joshua King contains proprietary strategic plans, there are no exhibits attached to this document. Dkt. # 185 shall, therefore, be unsealed.

(3) The parties have made a compelling showing that the strong presumption in favor of public access to the Court's files is overcome by the interests of the public and the parties in protecting the following documents public view:

    Dkt. # 19, Exhibit 21

    Dkt. # 32, Exhibits 10, 11, and 15

---

[1] Although this docket entry is discussed in the Declaration of Charles Douglass Burnham (Dkt. # 229), it is not identified as a document that needs to remain sealed in the motion, the response, or the proposed orders provided by the parties.

[2] Although Exhibit 7 to this docket entry is discussed in the Declaration of Charles Douglass Burnham (Dkt. # 229), it is not identified as a document that needs to remain sealed in the motion, the response, or the proposed orders provided by the parties.

ORDER GRANTING IN PART THE
UNCONTESTED MOTION TO UNSEAL
AND ORDER TO SHOW CAUSE    -2-

        Dkt. # 35

        Dkt. # 90, Exhibits 8, 11, and 12

        Dkt. # 91, Exhibit 17 (all parts)

        Dkt. # 156, Exhibits 4, 7, and 8

        Dkt. # 161, Exhibits H and I

        Dkt. # 164, Exhibits 4 and 5

        Dkt. # 168, Exhibit E

        Dkt. # 180, Exhibit 18 (both parts)

        Dkt. # 181, Exhibits 19 (part 2), 20, 24, 25, 26, 28, and 29[3]

        Dkt. # 182, Exhibit 31 (both parts)

        Dkt. # 183, Exhibit 41

        Dkt. # 222, Exhibits A-E[4]

Only the documents or parts thereof specifically identified in this list shall remain sealed. The Clerk of Court is directed to unseal all other portions of the documents identified in this subsection.

    (4)  Neither party has presented a justification for their request that Dkt. # 29, # 41, # 48, # 95, # 116, # 143, # 155, # 170, or # 178 remain sealed. This is a public court and its business should be conducted publicly unless there is a specific reason to keep materials or testimony confidential. As stated in Local Civil Rule 5(g)(1), "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in

---

[3] Although the parties have requested that Exhibits 19 and 30 to the Supplemental Declaration of Joshua King remain under seal, there is no Exhibit 30 and only the second part of Exhibit 19 is on file.

[4] This ruling resolves Flow's "Motion for Leave to File Under Seal (Evidence Testing)." Dkt. # 221.

ORDER GRANTING IN PART THE
UNCONTESTED MOTION TO UNSEAL
AND ORDER TO SHOW CAUSE        -3-

protecting files, records, or documents from public view." When documents are presented to the Court for consideration, they are presumptively public unless the compelling showing described in Rule 5(g)(1) is made. Because the parties have failed to provide any justification for the sealing of these documents, they shall be unsealed.[5]

(5) The Court is reluctant to remove from public view any part of the parties' contentions, arguments, and claims regarding the validity and scope of the patents at issue. A patent creates a monopoly and the public has every right to know the extent of that monopoly and the positions taken by interested parties when defending or challenging the patent. The Court recognizes some product details that are not widely known may be disclosed in a party's attempt to convince the Court that its construction of the claim is correct. Nevertheless, the Court is not convinced that the parties' interest in secrecy outweighs the public's interest in a full understanding of the patent and its scope. The parties are therefore ordered to show cause within twenty days of the date of this order why Dkt. # 51, # 79, # 99, and # 109 should not be unsealed.

(6) Omax shall file a redacted version of Dkt. # 62. Because the confidential materials cannot be separately sealed in the original document, Dkt. # 62 will remain sealed with the redacted version available to the public.

For all of the foregoing reasons, Flow's motion for leave to file evidence testing data under seal (Dkt. # 221) is GRANTED and its motion to unseal (Dkt. # 228) is GRANTED in part. The Clerk of Court shall unseal the documents identified in subsections (1), (2), and (4). The documents or parts thereof specifically identified in subsection (3) shall remain sealed: the

---

[5] To the extent that some of these documents set forth the parties' contentions, arguments, and claims regarding the validity and scope of the patents at issue (Dkt. # 48, # 116, # 143, # 155, and # 178), the public's interest in the documents is even higher than usual and the parties' complete failure to justify their seal cannot be excused.

ORDER GRANTING IN PART THE
UNCONTESTED MOTION TO UNSEAL
AND ORDER TO SHOW CAUSE            -4-

1  Clerk of Court is directed to unseal all other portions of those documents.  The parties are
2  Ordered to Show Cause within twenty days of the date of this order why the documents
3  discussed in subsection (5) should not be unsealed.  Omax shall file a redacted version of Dkt.
4  # 62.

6          DATED this 30th day of October, 2007.

                                  *signature*
8                                 Robert S. Lasnik
                                  United States District Judge

26 ORDER GRANTING IN PART THE
   UNCONTESTED MOTION TO UNSEAL
   AND ORDER TO SHOW CAUSE           -5-