UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                       )
OMAX CORPORATION,                      )
                                       )   No. C04-2334RSL
                    Plaintiff,         )
        v.                             )
                                       )   ORDER UNSEALING CERTAIN
FLOW INTERNATIONAL CORPORATION,        )   DOCUMENTS
                                       )
                    Defendant.         )
_____)

This matter comes before the Court on the parties' "Joint Response to Order Regarding Motions to Seal." Dkt. # 455. The parties have reevaluated the documents filed under seal between January 9, 2007, and the present and have agreed that certain documents or portions thereof should be unsealed. Having reviewed the documents at issue and the memoranda submitted by the parties, the Court finds as follows:

(1) By agreement of the parties, the following docket entries will be unsealed:

| Dkt. | # 305 | # 309 | # 315 | # 317 |
|------|-------|-------|-------|-------|
|      | # 336 | # 341 | # 376 | # 391 |
|      | # 417 | # 431 |       |       |

(2) Although Flow has requested that Dkt. # 274 remain sealed because Exhibits 1 and 2 to the Declaration of Richard L. Goff contain confidential commercial information, neither the declaration nor the exhibits were filed under seal.

ORDER UNSEALING CERTAIN DOCUMENTS

(3)  This is a public court and its business should be conducted publicly unless there is a specific reason to keep materials or testimony confidential.  As stated in Local Civil Rule 5(g)(1), "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public view."  When documents are presented to the Court for consideration, they are presumptively public unless the compelling showing described in Rule 5(g)(1) is made.  The parties have made a compelling showing that the strong presumption in favor of public access to the Court's files is overcome by the interests of the public and the parties in protecting the following documents from public view:

| Dkt. | # 273 | # 277 | # 278 | # 279 |
|---|---|---|---|---|
|  | # 280 | # 281 | # 284 | # 290 |
|  | # 291 | # 292 | # 293 | # 299 |
|  | # 300 | # 328 | # 330 | # 342 |
|  | # 348 | # 350 | # 373 | # 374 |
|  | # 381 | # 382 | # 384 | # 386 |
|  | # 388 | # 390 | # 392 | # 428 |

These documents shall remain under seal.

(4)  Certain documents were filed in such a way that confidential commercial information cannot be electronically separated from public materials.  Some of these documents relate to the nature, scope, and validity of the alleged monopolies at issue in this case and should be made available to the public to the greatest degree possible.  The parties shall therefore file redacted versions of the following documents:

   Dkt. # 310   Redact source code and internal design strategy information from the expert report of David Trumper.  Possible interpretations of the patent do not constitute confidential commercial information and are not otherwise protected from public disclosure.

ORDER UNSEALING CERTAIN DOCUMENTS        -2-

Nor has Flow supported its request to seal the Bun & Hashish report: that report was generated for a third-party, not for Flow, and there is no evidence that Kodak has raised any privacy or privilege concerns regarding dissemination of the report. The redacted report and the attachments shall be filed without seal.

Dkt. # 312    Redact source code information from the rebuttal expert report of David Trumper. The redacted report and the attachments shall be filed without seal.

Dkt. # 313.    Redact source code, design strategy, and motion control program information from the expert report of Uri Shumlak and the attached exhibits. The redacted report and exhibits shall be filed without seal.

Dkt. # 316    Redact source code and non-public commercial strategies and communications from the expert report of Larry Nixon. Possible interpretations of the patent do not constitute confidential commercial information and are not otherwise protected from public disclosure. The redacted report and its exhibits shall be filed without seal.

Dkt. # 318    Redact source code and non-public commercial strategies and product information from the expert report of Dr. Charles Garris. The redacted report and its exhibits shall be filed without seal.

Dkt. # 322    Redact source code and non-public design information from the motion. Because possible interpretations of the patent do not constitute confidential commercial information and are not otherwise protected from public disclosure, the parties have not shown that Exhibit 27 should remain under seal. The redacted motion and Exhibits 3-7, 18, 27, and 30 shall be filed without seal: Exhibits 1, 2, 9-17, 19-26, 28, and 29 may be refiled under seal.

Dkt. # 372    Redact source code information from the memorandum and refile it without seal.

Dkt. # 430    Redact source code information from the memorandum and refile it without seal.

ORDER UNSEALING CERTAIN DOCUMENTS    -3-

Dkt. # 432    Redact non-public unit sales information from the declaration and refile it without seal.

(5) Other documents containing both public and confidential commercial information are of less interest to the public because they reflect litigation strategy having little to do with the nature, scope, and validity of the underlying patents. Because the redaction and refiling process is both time-consuming and expensive, the Court will allow the following documents or parts thereof to remain sealed unless and until a specific motion to unseal is filed:

Dkt. # 233

Dkt. # 245, all attachments

Dkt. # 307 and Exhibits A (all parts), B, D-H, J (all parts), I, and L

Dkt. # 314, Exhibits B (all parts), D (both parts), and F

Dkt. # 326 and Exhibits 1, 2, 4-6, 17, and 18

Dkt. # 332

Dkt. # 333

Dkt. # 343

Dkt. # 345 and all attachments

Dkt. # 375 and Exhibit A

Dkt. # 377, Exhibits F, G, and H

Dkt. # 378, Exhibits I, J, K, and L

Dkt. # 379, Exhibits N (both parts), O, P, Q (both parts), R, and S (both parts)

Dkt. # 380 and all attachments

Dkt. # 393, Exhibit 7

Dkt. # 394, Exhibits 1, 2, 5, 7-3, 7-4, 8, 12, 17, 25, and 30[1]

Dkt. # 396 and all attachments

---

[1] Possible interpretations of the patent contained in Exhibits 7, 21, and 26 do not constitute confidential commercial information and are not otherwise protected from public disclosure.

    Dkt. # 399, all attachments

    Dkt. # 433, all attachments

Only the documents or parts thereof specifically identified in this list shall remain sealed. Where the entry reads "Dkt. # XX and Exhibit YY," both the primary document and the specified exhibit(s) shall remain sealed. Where the entry reads "Dkt. # XX, Exhibit YY," only the exhibit(s) shall remain sealed. The Clerk of Court is directed to unseal all other portions of the documents identified in this subsection. .

 (6) The parties have not shown that any portion of the following documents should be excluded from public view:

    Dkt. # 319 Possible interpretations of the patent do not constitute confidential commercial information and are not otherwise protected from public disclosure.

    Dkt. # 320 Possible interpretations of the patent do not constitute confidential commercial information and are not otherwise protected from public disclosure.

    Dkt. # 331 Flow has not supported its request to seal the Bun & Hashish report: that report was generated for a third-party, not for Flow, and there is no evidence that Kodak has raised any privacy or privilege concerns regarding dissemination of the report.

    Dkt. # 334 Flow has not supported its request to seal the Bun & Hashish report: that report was generated for a third-party, not for Flow, and there is no evidence that Kodak has raised any privacy or privilege concerns regarding dissemination of the report.

    Dkt. # 335 Flow has not supported its request to seal the Bun & Hashish report: that report was generated for a third-party, not for Flow, and there is no evidence that Kodak has raised any privacy or privilege concerns regarding dissemination of the report.

    Dkt. # 418 Possible interpretations of the patent do not constitute confidential commercial information and are not otherwise protected from public disclosure.

    Dkt. # 425 Possible interpretations of the patent do not constitute confidential commercial information and are not otherwise protected from public disclosure.

ORDER UNSEALING CERTAIN DOCUMENTS -5-

These documents shall be unsealed.

For all of the foregoing reasons, the Clerk of Court is hereby directed to unseal the documents identified in subsections (1) and (6). The documents or parts thereof specifically identified in subsection (5) shall remain sealed: the Clerk of Court is directed to unseal all other portions of those documents. The parties shall file redacted versions of the documents identified in subsection (4) within thirty days of the date of this Order.

Dated this 13th day of November, 2007.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER UNSEALING CERTAIN DOCUMENTS     -6-